UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRITTANY BLALOCK,

    Plaintiff,

v.                                        CASE NO. 3:18-cv-492-MMH-JBT

ALLERGAN, INC., et al.,

    Defendants.
_____/

SUSAN L. RAYBURN,

    Plaintiff,

v.                                        CASE NO. 3:18-cv-668-MMH-JBT

ALLERGAN SALES, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiffs' Opposed Motions to Lift Stay, Amend Complaints, Join a Non-Diverse Defendant, and Remand to State Court ("Motions") (*Blalock*, Doc. 10; *Rayburn*, Doc. 8), Defendants' Responses thereto

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

(*Blalock*, Doc. 14; *Rayburn*, Doc. 13), and Plaintiffs' Replies (*Blalock*, Doc. 18; *Rayburn*, Doc. 16).  For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motions be **GRANTED**, and that the cases be **REMANDED** to the Fourth Judicial Circuit Court, in and for Duval County, Florida.

I. **Background**

Plaintiffs Brittany Blalock and Susan Rayburn bring related lawsuits against Defendants ("Allergan" or "Defendant") stemming from Allergan's warranty program for its saline-filled breast implants.  Specifically, Plaintiffs allege that the plastic surgeons who performed breast augmentation surgeries on them, Loren Z. Clayman and Mark A. Clayman, misused Allergan's warranty program to the detriment of Plaintiffs, and that Allergan was complicit with the Claymans' scheme. (*See Blalock*, Doc. 2; *Rayburn*, Doc. 2.)  The cases were originally filed in the Fourth Judicial Circuit Court, in and for Duval County, Florida, and Allergan removed the cases to this Court based on diversity jurisdiction. (*See Blalock*, Doc. 1; *Rayburn*, Doc. 1.)

The Court previously granted the parties' Joint Motions to Stay All Case Deadlines (*Blalock*, Doc. 5; *Rayburn*, Doc. 4) and stayed these cases, along with 90 other related cases, pending a ruling on motions to dismiss filed in *Angell v. Allergan Sales, LLC*, Case No. 3:18-cv-282-MMH-JBT, and *Hicks v. Allergan Sales, LLC*, Case No. 3:18-cv-283-MMH-JBT. (*Blalock*, Doc. 8; *Rayburn*, Doc. 6.)[2]

---

[2] There appears to be a total of 92 related cases, including the two at bar, currently pending in this Court.  Plaintiffs list a total of 94 cases but include *Angell* and *Hicks*, which

On August 22, 2019, the Court granted the motions to dismiss in *Angell* and *Hicks*, denied further motions to amend, and dismissed those cases. (*Angell*, Doc. 66; *Hicks*, Doc. 66.) The Court determined that dismissal was proper because the plaintiffs had not pled "facts raising a plausible inference that Allergan had actual knowledge of the Claymans' tortious conduct." (*Angell*, Doc. 66 at 41–42; *Hicks*, Doc. 66 at 41–42.) Angell and Hicks appealed the dismissals to the Eleventh Circuit Court of Appeals. (*Angell*, Doc. 70; *Hicks*, Doc. 70.) Thereafter, the parties filed a joint notice requesting that the remaining related cases remain stayed while the appeals were pending. (*See Angell*, Doc. 72 at 2; *Hicks*, Doc. 72 at 2.) On November 25, 2020, Angell and Hicks moved for dismissal of their appeals. (*Blalock*, Doc. 10-2; *Rayburn*, Doc. 8-2.) The Eleventh Circuit did so on January 4, 2021. (*See Angell*, Doc. 77.)

On December 8, 2020, Allergan moved the Court in *Blalock* to reopen and dismiss all of the related pending cases. (*Blalock*, Doc. 9.) On December 15, 2020, Plaintiffs filed the subject Motions. In the Motions, Plaintiffs request that the Court: (1) lift the stays; (2) permit joinder of Ricardo E. Mojica, a non-diverse defendant; (3) grant leave to amend the complaints; and (4) remand the cases back to state court pursuant to 42 U.S.C. § 1447(e). (*See Blalock*, Doc. 10; *Rayburn*, Doc. 8.) Plaintiffs argue that they should be permitted to join Mr. Mojica,

---

were dismissed on appeal. (*Blalock*, Doc. 10-1; *Rayburn*, Doc. 8-1.) It appears that all of the plaintiffs in the 90 related cases will seek to join Mr. Mojica as a defendant. (*Rayburn*, Doc. 8 at 1 n.1.)

3

a former Southeast Regional Sales Director for Allergan, as a defendant in this case and amend their complaints to include allegations related to his involvement in the alleged fraudulent scheme to perpetuate false warranty claims. (*Id.*) Allergan opposes the Motions and argues in part that the Court's Order on the motions to dismiss in *Angell* and *Hicks* "disposes of the 'virtually identical allegations, claims, and issues' in all of the cases that had been administratively closed or stayed awaiting final decision." (*Blalock*, Doc. 14 at 2; *Rayburn*, Doc. 13 at 2.)

## II. Proposed Amended Complaints and *Donato* Order

According to Plaintiffs, the new allegations in the proposed amended complaints "primarily pertain to Mr. Mojica." (*Blalock*, Doc. 10 at 3; *Rayburn*, Doc. 8 at 3.) The proposed amended complaints allege that between 2006 and 2013, Mr. Mojica worked as Allergan's Southeast Regional Sales Director and his territory included Florida. (*Blalock*, Doc. 10-4 at 8; *Rayburn*, Doc. 8-4 at 8.) During this time, Mr. Mojica trained and directed the sales representatives he oversaw "to expressly offer [certain physicians, including the Claymans] free breast implants and surgical fees for false warranty claims in exchange for higher breast implant and other aesthetic product purchases." (*Blalock*, Doc. 10-4 at 8; *Rayburn*, Doc. 8-4 at 8.) Among other things, Mr. Mojica "repeatedly encouraged Allergan's Florida plastic and aesthetic plastic surgery customers (including the Claymans) to lie to their patients and on breast implant warranty claim forms about the

4

condition of saline implants in order to obtain free breast implants and surgical fees." (*Blalock*, Doc. 10-4 at 3; *Rayburn*, Doc. 8-4 at 3.)

Notably, on October 16, 2020, District Judge Brian J. Davis, in reviewing a substantially similar complaint filed in state court, rejected Allergan's argument that Mr. Mojica had been fraudulently joined in order to destroy diversity jurisdiction.[3] (*See Donato v. Allergan Sales, LLC*, Case No. 3:20-cv-679-BJD-JRK, Doc. 16.) Judge Davis found that Allergan failed to clearly and convincingly establish that the plaintiff could not possibly state a claim against Allergan and Mr. Mojica for aiding and abetting each other and the Claymans in commissions of fraud and breaches of fiduciary duty. (*Id.* at 15.) Judge Davis noted that, based on the allegations of the complaint and the evidence before him, Mr. Mojica "assisted in perpetuating the Clayman Practice's deceitful conduct by providing kickbacks, parties, and favorable pricing on Allergan products." (*Id.* at 14.) Thus, Judge Davis directed the Clerk of Court to remand the case, along with 63 other recently removed related cases, back to state court. (*Id.* at 16.)

### III. Standard

"When a plaintiff seeks to join a non-diverse defendant after a case has been removed, the analysis begins with 28 U.S.C. § 1447(e), rather than the liberal amendment standard of Rule 15 of the Federal Rules of Civil Procedure." *Henry*

---

[3] The issue of fraudulent joinder in *Donato* was governed by a different standard than the issue of joinder under 28 U.S.C. § 1447(e) presented herein. Nevertheless, the *Donato* analysis is instructive regarding the extent of Mr. Mojica's alleged involvement in the fraudulent warranty scheme.

5

*v. K-Mart Corp.*, Case No. 8:10-cv-2105-VMC-MAP, 2010 WL 5113558, at *1 (M.D. Fla. Dec. 9, 2010). *See also Hacienda Vill. Homeowners Ass'n, Inc. v. Marsh, Inc.*, No. 2:10-cv-604-JES-DNF, 2011 WL 2893113, at *2 (M.D. Fla. July 20, 2011) ("The decision concerning whether to allow a complaint which has been removed from state court to be amended is governed not by Rule 15(a) but by 28 U.S.C. § 1447(e).") (citing *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir.1998)).

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See also Ingram*, 146 F.3d at 862 ("Because section 1447(e) was applicable here, the district court was left with only two options: (1) deny joinder; or (2) permit joinder and remand Ingram's case to state court."). "District courts have broad discretion to decide whether, after removal, to permit joinder of a new defendant who would destroy diversity: . . . ." *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 885 (11th Cir. 2020).[4]  *See also Bechtelheimer v. Cont'l Airlines, Inc.*, 776 F. Supp. 2d 1319, 1322 (M.D. Fla. 2011) ("[T]he permissive language of §

---

[4] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point. *See, e.g., Searcy v. R.J. Reynolds Tobacco Co.,* 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive."). Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

1447(e) indicates that Congress intended to give the judiciary broad discretion in allowing joinder, even though remand may result.").

"Section 1447(e) requires an evaluation of the following factors when considering a request to add a non-diverse defendant: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities."  *Henry*, 2010 WL 5113558, at *2.  "The Court must balance these four factors and exercise its discretion in deciding whether or not to allow the joinder of a non-diverse defendant that will require remand of this case." *Antoine v. State Farm Mut. Auto. Ins. Co.*, Case No. 3:08-cv-787-HWM-TEM, 2009 WL 129224, at *3 (M.D. Fla. Jan. 15, 2009).

### IV.     Analysis

In the Motions, Plaintiffs, both Florida citizens, seek to add Mr. Mojica, who is also a Florida citizen, as a defendant.  Because the addition of Mr. Mojica would destroy diversity jurisdiction in each case, 28 U.S.C. § 1447(e), rather than Federal Rule of Civil Procedure 15, governs the proposed addition of Mr. Mojica. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants.").  Upon consideration of the factors set forth above, the undersigned recommends that the Court exercise its discretion to allow joinder of Mr. Mojica and remand the cases to state court.

7

### A. Purpose to Defeat Diversity

The undersigned recommends that the circumstances do not suggest that the purpose of the proposed joinder is to defeat federal jurisdiction. From the allegations it appears that Mr. Mojica, a former high-level sales director, is a legitimate, central defendant, and not one added just to destroy diversity. As previously discussed, in *Donato* Judge Davis noted the significance of Mr. Mojica's alleged role in the scheme. (*Donato*, Doc. 16 at 14.) Indeed, it is alleged that not only did Mr. Mojica know about the scheme, he encouraged and incentivized it.

Moreover, it does not appear that Plaintiffs were aware of Mr. Mojica's involvement in the alleged scheme until well after the cases were removed. (*See Blalock*, Doc. 10 at 9; *Rayburn*, Doc. 8 at 9.) See *Ortiz v. Apple Computer, Inc.*, Case No. 6:18-cv-646-PGB-DCI, 2019 WL 2527326, at *3 (M.D. Fla. May 16, 2019) ("In determining whether the purpose of adding a non-diverse defendant post-removal is to destroy federal jurisdiction, 'courts often look to see whether the plaintiff was aware or should have been aware of the non-diverse defendant at the time the suit was filed.'"). In addition, Plaintiffs did not seek to immediately add Mr. Mojica after removal to destroy diversity. See *Mehta v. New York Life Ins. Co.*, Case No. 8:09-cv-59-VMC-TGW, 2009 WL 2252270, at *3 (M.D. Fla. July 28, 2009) ("Especially where . . . a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.")

In short, the circumstances do not suggest that the purpose of joinder is to destroy diversity. Accordingly, the undersigned recommends that this factor weighs in favor of permitting joinder.

### B.     Dilatory Conduct by Plaintiffs

Plaintiffs state that they first learned about Mr. Mojica's involvement in the scheme around November 2019 as a result of information provided during discovery in related state-court cases. (*Blalock*, Doc. 10 at 9; *Rayburn*, Doc. 8 at 9.) At that time, the cases at bar were stayed and the *Hicks* and *Angell* appeals were pending before the Eleventh Circuit. (*See Blalock*, Doc. 10 at 9; *Rayburn*, Doc. 8 at 9.) After learning of Mr. Mojica's involvement, Plaintiffs' counsel "investigated the information to confirm its veracity," and in February 2020 began filing new complaints against Allergan and Mr. Mojica in state court. (*Blalock*, Doc. 18 at 6; *Rayburn*, Doc. 16 at 6.) Allergan then removed 64 of those cases to this Court, arguing that Mr. Mojica had been fraudulently joined to defeat federal jurisdiction. (*Blalock*, Doc. 10 at 2; *Rayburn*, Doc. 8 at 2.)

On October 16, 2020, Judge Davis determined that the plaintiffs in those cases did not fraudulently join Mr. Mojica to prevent removal. (*See Donato*, Doc. 16.) On November 25, 2020, the plaintiffs in *Angell* and *Hicks* moved to dismiss their appeals. (*See Blalock*, Doc. 10-2; *Rayburn*, Doc. 8-2.) On December 15, 2020, Plaintiffs filed the Motions. Given the stays in the cases at bar, it does not appear unreasonable for Plaintiffs to have waited until after the resolution of Defendant's fraudulent-joinder challenge in *Donato*, and the filing of the motion to

dismiss the *Angell* and *Hicks* appeals, before filing the Motions. (*Blalock*, Doc. 18 at 8–9; *Rayburn*, Doc. 16 at 8.) Moreover, even if there was some arguable delay, any harm appears to have been mitigated by the stays. Accordingly, the undersigned recommends that this factor is either neutral or weighs only slightly against joinder.

### C. Significant Injury to Plaintiffs

The undersigned recommends that Plaintiffs will be significantly injured if they are not able to add Mr. Mojica as a defendant. "In determining whether to permit joinder and remand to state court, the harm resulting from forcing Plaintiffs to pursue parallel litigation in federal and state court is considered." *Laposa v. Walmart Stores E. LP*, Case No. 2:20-cv-182-JES-NPM, 2020 WL 2301446, at *4 (M.D. Fla. May 8, 2020). As previously noted, Mr. Mojica is allegedly a key figure in the scheme. If Plaintiffs are not permitted to join Mr. Mojica as a defendant, each of their cases would be split into two separate matters: one against Mr. Mojica, a central figure in the scheme, in state court, and another against Allergan, his former employer, in this Court.[5]

Courts have recognized that "having parallel state/federal proceedings is a consequence anytime a post-removal motion to amend to add a non-diverse defendant is denied." *Munson v. Insys Therapeutics, Inc.*, No. 3:18-cv-660-TJC-

---

[5] There is the possibility that if joinder is denied, Plaintiffs' motions to amend might also be denied and the federal cases could be promptly dismissed. However, allowance of the amendments, even without Mr. Mojica as a defendant, is also a possibility.

10

PDB, 2018 WL 8244594, at *4 (M.D. Fla. Nov. 6, 2018). However, considering the 64 related cases previously remanded to state court and the 92 similarly situated cases currently pending here, the undersigned recommends that the expense and inconvenience of forcing Plaintiffs to maintain separate, parallel suits in two different courts weigh in favor of allowing joinder.

### D. Other Factors Bearing on the Equities

Finally, the undersigned recommends that the equities weigh in favor of allowing joinder. First, there is no federal interest at stake in these cases. *See Fiddler's Creek Cmty. Dev. Dist. 2 v. U.S. Bank Nat. Ass'n*, Case No. 2:12-cv-5-UA-SPC, 2012 WL 2358295, at *4 (M.D. Fla. June 20, 2012) (considering whether there was a federal interest at stake when granting a motion to remand pursuant to 28 U.S.C. § 1447(e)). All of the claims asserted in the operative complaints and the proposed amended complaints are based on state law. (*See Blalock*, Docs. 2, 10-4; *Rayburn*, Docs. 2, 8-4.) *See Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002) ("Both comity and economy are served when issues of state law are resolved by state courts."). Second, it would be an unnecessary burden on judicial resources to have parallel, duplicative federal/state proceedings. Third, such parallel proceedings could give rise to inconsistent adjudications.

Allergan argues that because the plaintiffs in *Angell* and *Hicks* have dismissed their appeals, the Court's prior Order dismissing those cases is now binding on the cases at bar, and Plaintiffs are now attempting to "take unfair advantage" of Allergan's willingness to stay the cases. (*Blalock*, Doc. 14 at 4, 11;

11

*Rayburn*, Doc. 13 at 4,11.)  Regardless of what the parties' expectations were when they agreed to the stays, it is apparent that the circumstances have changed based on the discovery and development of new evidence.  Defendant took that risk when it agreed to the stays.  Thus, the undersigned recommends that there is no significant unfairness to Allergan in allowing joinder, and that the equities weigh in favor of such an allowance.

### E. Totality of Factors

In considering all of the factors, the undersigned recommends that joinder be allowed.  Three of the factors weigh solidly in favor of allowing joinder.  One factor, delay, is either neutral or arguably weighs slightly in favor of denying joinder.  Considering the totality of factors, the allowance of joinder is recommended.[6]

### V. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motions (***Blalock***, Doc. 10; ***Rayburn***, Doc. 8) be **GRANTED**.

---

[6] Plaintiffs request that if the Court denies joinder, it nevertheless allow them to submit "new proposed amended complaint[s] that contain[ ] the same substantive allegations, minus the claims asserted against Mr. Mojica." (*Blalock*, Doc. 10 at 11; *Rayburn*, Doc. 8 at 11.)  However, the undersigned recommends that if the Court denies joinder, Plaintiffs be required to file new motions to amend with the proposed new amended complaints.  Moreover, to the extent Plaintiffs argue that Federal Rule of Civil Procedure 15(a) permits them to amend their Complaints as a matter of right, it appears that they waived any such right by filing the Motions. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 869–70 (11th Cir. 2010) ("Coventry . . . never filed an amended complaint as a matter of course.  Instead, it chose to file a motion to amend.  We conclude that, in doing so, it waived the right to amend as a matter of course and it invited the District Court to review its proposed amendments.").

2. The stays (*Blalock*, **Doc. 8**; *Rayburn*, **Doc. 6**) be **LIFTED** for the limited purpose of allowing joinder and remanding the cases.

3. The Clerk of Court be directed to file the proposed Amended Complaints for Damages and Injunctive Relief (*Blalock*, **Doc. 10-4**; *Rayburn*, **Doc. 8-4**) as separate documents.

4. Upon the filing of the proposed amended complaints as separate documents, these cases be **REMANDED** to the Fourth Judicial Circuit Court, in and for Duval County, Florida.

**DONE AND ENTERED** in Jacksonville, Florida, on March 23, 2021.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record