**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRITTANY BLALOCK,

    Plaintiff,

v.                                                                     Case No. 3:18-cv-492-MMH-JBT

ALLERGAN, INC., et al.,

    Defendants.

SUSAN L. RAYBURN,

    Plaintiff,

v.                                                                    Case No. 3:18-cv-668-MMH-JBT

ALLERGAN SALES, LLC,

    Defendant.

**O R D E R**

**THIS CAUSE** is before the Court on two related matters: (1) the Joint Response of the Parties to Court's Order to Show Cause Dated June 29, 2021 (Blalock Doc. 23; Rayburn Doc. 21)[1] (collectively, the Show Cause Response); and (2) the Report and Recommendation entered on April 22, 2021 by the

---

[1] Because this Order addresses a pending Report and Recommendation in two cases, a citation preceded by "Blalock" will refer to a document in Brittany Blalock's case, No. 3:18-cv-492-MMH-JBT, while a citation preceded by "Rayburn" will refer to a document in Susan L. Rayburn's case, No. 3:18-cv-668-MMH-JBT.

Honorable Joel B. Toomey, United States Magistrate Judge, in the two above-styled actions. (Blalock Doc. 19; Rayburn Doc. 17) (collectively, the Report). The parties submitted the Show Cause Response in accordance with the Court's Order directing them to show cause why the instant cases should not be consolidated with all other related cases currently stayed in this Division for purposes of determining whether the plaintiffs in all of the related cases should have the stays in their respective cases lifted, be given leave to amend their complaints, and be permitted to join a non-diverse defendant. (Blalock Doc. 22; Rayburn Doc. 20). Pursuant to the Show Cause Response, the parties have stipulated that all related cases should be consolidated for the limited purposes described above. Thus, the Court will direct the Clerk of the Court to consolidate all 94 related cases identified in Exhibit A to the parties' Show Cause Response (Blalock Doc. 23-1; Rayburn Doc. 21-1) for purposes of addressing the above issues.[2]

Turning to the Report, Judge Toomey recommends that the stays in Brittany Blalock and Susan L. Rayburn's (collectively, Plaintiffs) cases be lifted for the limited purpose of allowing them to join Ricardo E. Mojica, a former sales director for Allergan, as a defendant; that Plaintiffs be allowed to amend their

---

[2] To the extent any of the cases identified by the parties has been resolved on other grounds, by mutual agreement or otherwise, nothing in this Order or any subsequent Order in the consolidated case shall be interpreted as disturbing the finality of those cases.

operative complaints to include Mr. Mojica as a defendant and include additional allegations related to his knowledge and involvement in the conduct complained of by Plaintiffs; and that, once amended complaints are filed in Plaintiffs' respective cases, the cases be remanded to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.[3] See Report at 12-13. Pursuant to Rule 72(b)(2), Federal Rules of Civil Procedure "[w]ithin 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Defendants Allergan, Inc., Allergan Sales, LLC, and Allergan USA, Inc. (collectively, Allergan) filed objections to the Report. (Blalock Doc. 20; Rayburn Doc. 18) (collectively, the Objections). Plaintiffs Brittany Blalock and Susan L. Rayburn did not file objections to the Report but did timely respond in opposition to Defendants' Objections. (Blalock Doc. 21; Rayburn Doc. 19). Accordingly, the Report is ripe for the Court's consideration.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no

---

[3] The Court recognizes that the addition of Mr. Mojica as a party in any of these cases will destroy diversity and require the case to be remanded to the state court from which it was removed.

specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon review of the Objections, the Court notes Allergan does not object to either the legal standard applied by Judge Toomey or his recitation of the factual background.[4] Instead, Allergan disagrees with Judge Toomey's legal analysis and recommended conclusions. Specifically, Allergan contends Judge Toomey reached the incorrect recommendations as to each of the four factors that guide courts in deciding whether to permit the joinder of a non-diverse defendant after a case has been removed to federal court. Objections at 2. Those factors are: "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities." Henry v. K-Mart Corp., No. 8:10-cv-2105-T-33MAP, 2010 WL 5113558, at *2

---

[4] Having independently considered the factual background and legal standard applied by Judge Toomey in the Report, and noting the parties' lack of objection to either section, the Court adopts sections I through III of the Report. As such, the Court will not reiterate the background or the legal standard set forth in the Report.

(M.D. Fla. Dec. 9, 2010) (citing Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)). The Court will consider Allergan's objection to each factor in turn.

Regarding the first factor – the extent to which the purpose of the amendment is to defeat federal jurisdiction – Allergan objects to Judge Toomey's recommended finding that this factor weighs in favor of allowing Plaintiffs to join Mr. Mojica. Objections at 3-4. In doing so, Allergan reargues its contention that Plaintiff's primary purpose in adding Mr. Mojica is to defeat federal jurisdiction. Id. As new support for its position, Allergan points to two related state court cases that could not be removed under the forum defendant rule where counsel for Plaintiffs filed amended complaints that added allegations related to Mr. Mojica and his conduct but, critically, did not seek to add him as a party. Id. at 3 n.3. To the extent the Court considers the actions of Plaintiffs' counsel in related state court cases in determining Plaintiffs' purposes in joining Mr. Mojica as a defendant in this case, Allergan's objection is unavailing. Plaintiffs' counsel represents that Mr. Mojica has been added as a defendant in at least 124 related state court cases brought by Plaintiffs' counsel against Allergan and other defendants—making the two actions cited by Allergan exceptions, rather than the rule, with respect to Mr. Mojica's inclusion.[5] Thus,

---

[5] Plaintiffs' counsel avers that Mr. Mojica has not been named as a defendant in 19 of the state court cases that were pending at the time Plaintiffs' Responses were filed in this action.

the Court will overrule Allergan's first objection and joins Judge Toomey and the Honorable Brian J. Davis, United States District Judge, in finding Mr. Mojica's presence in this action is not merely pretextual in order to defeat federal jurisdiction. See Report at 8-9; see also Donato v. Allergan Sales, LLC, No. 3:20-cv-679-BJD-JRK, Doc. 16 (M.D. Fla. Oct. 16, 2020) (remanding related cases back to state court after determining Mr. Mojica was not fraudulently joined to defeat federal jurisdiction).

Regarding the second factor, Allergan argues Plaintiffs were dilatory in seeking joinder such that the second factor weighs "more than slightly" against joinder. However, Allergan fails to consider the implications of the stays that were voluntarily agreed to by Allergan and Plaintiffs when evaluating this factor. Plaintiffs' cases and all related cases were originally stayed and administratively closed to avoid duplication of effort by the parties and the Court while motions to dismiss in two exemplar cases—Angell v. Allergan Sales, LLC, No. 3:18-cv-282-MMH-JBT (Angell), and Hicks v. Allergan Sales, LLC, No. 3:18-cv-283-MMH-JBT (Hicks)—were fully briefed and decided by the undersigned. (Blalock Doc. 8; Rayburn Doc. 6). The parties later advised the

---

(Blalock Doc. 21; Rayburn Doc. 19 at 4-5). However, Plaintiffs' counsel explains that the reason for Mr. Mojica having not been named in those actions had nothing to do with defeating diversity jurisdiction; it is because Plaintiffs' counsel is representing hundreds of plaintiffs in related actions and has not yet had the opportunity to add Mr. Mojica in a small fraction of them despite the intent to do so. Id.

6

Court that they wished for the stays to remain in place pending an appeal of this Court's decision in Angell and Hicks to the Eleventh Circuit. (Angell Doc. 72). Because these cases were stayed and administratively closed pending the outcome of the appeal, Plaintiffs had no obligation to seek amendment of their pleadings until the appeal was resolved—i.e., at the earliest, when the motion to dismiss the appeal was filed with the Eleventh Circuit on November 25, 2020.[6] Plaintiffs filed their motions for leave to join Mr. Mojica approximately three weeks later and, as noted by Judge Toomey in the Report, "it does not appear unreasonable for Plaintiffs to have waited until after . . . the filing of the motion to dismiss the Angell and Hicks appeals" before seeking to join Mr. Mojica in these actions. Report at 9-10. Allergan's second objection is due to be overruled.

Regarding the third and fourth factors, Allergan reiterates its arguments related to the lack of harm it believes Plaintiffs will suffer by litigating claims against Mojica separately in state court and the harm it contends Allergan will suffer if joinder is allowed—namely, deprivation of Allergan's choice to defend itself in federal court. After independent review of the file, the Court is persuaded by Judge Toomey's analysis in the Report and finds both factors

---

[6] A compelling argument could be made that Plaintiffs' obligation to take any action in their cases did not begin until dismissal of the Angell and Hicks appeal was granted by the Eleventh Circuit on January 4, 2021. (Angell Doc. 77). If so, Plaintiffs' conduct in seeking joinder before the stays in their respective cases were due to be lifted surely could not be considered dilatory.

weigh in favor of Plaintiffs' ability to join Mr. Mojica in their respective actions. The Court pauses only to address an oft-raised argument by Allergan in the Objections related to Munson v. Insys Therapeutics, Inc., No. 3:18-cv-660-TJC-PDB, 2018 WL 8244594, at *4 (M.D. Fla. Nov. 6, 2018). Allergan repeatedly references the Munson court's correct observation that "having parallel state/federal proceedings is a consequence anytime a post removal motion to amend to add a non-diverse defendant is denied." Id. However, in the same sentence the Munson court recognizes some injury to a plaintiff forced to maintain parallel state and federal lawsuits, noting they "may cause Plaintiffs to bear additional costs and time, and do not necessarily serve the interests of judicial economy . . . ." Id. This case has several facts that differentiate it from Munson, including: (1) the identity of Mr. Mojica was not known to Plaintiffs when they filed their lawsuits, which was not the case in Munson and subsequently colored all of the factors related to joinder of a non-diverse defendant; (2) Mr. Mojica's role, as an employee of Allergan, in the conduct giving rise to Plaintiffs' claims is more directly related to the conduct of the existing Defendants—Allergan—than that of the independent doctor in Munson to the pharmaceutical company originally sued by the plaintiffs therein;[7] and

---

[7] Indeed, Plaintiffs will rely on Mr. Mojica's knowledge and actions to cure the deficiency that resulted in the dismissal of the Hicks and Angell cases. The Court expresses no view on whether the allegations are sufficient but, regardless, Mr. Mojica will play an important role in Plaintiffs' pursuit of their claims.

8

(3) the sheer volume of related cases currently pending in state and federal court that all involve common issues of fact and law greatly increases the chance for inconsistent verdicts in a manner that was not present in Munson. Thus, the potential for injury to both Plaintiffs and Allergan is distinguishable from that faced by the parties in Munson. As such, the Court will overrule Allergan's third and fourth objections to the Report.

Accordingly, it is hereby

**ORDERED**:

1. The Clerk of the Court is **DIRECTED** to consolidate all 94 related cases identified in Exhibit A to the parties' Show Cause Response (Blalock Doc. 23-1; Rayburn Doc. 21-1) for purposes of entering this Order, with the Blalock case serving as the lead case. Each consolidated case is to retain its own case number and remain open for filing purposes. A copy of this Order is to be docketed in each consolidated case and shall be given full force and effect. However, to the extent any of the consolidated cases were previously resolved on other grounds, by mutual agreement or otherwise, nothing in this Order shall be interpreted as disturbing the finality of orders in those cases.

2. Counsel for all parties are **DIRECTED** to continue filing documents in the appropriate individual case, as opposed to the lead case. Documents should be filed in the lead case only if they involve issues pertinent to the specific matters addressed in this Order.

3. Defendants Allergan, Inc., Allergan Sales, LLC, and Allergan USA, Inc.'s Objections to the Report and Recommendation (Blalock Doc. 20; Rayburn Doc. 18) are **OVERRULED**.

4. The Report and Recommendation (Blalock Doc. 19; Rayburn Doc. 17) is **ADOPTED** as the opinion of the Court.

5. Plaintiff's Opposed Motion to Lift Stay, Amend Complaint, Join a Non-Diverse Defendant, and Remand to State Court (Blalock Doc. 10; Rayburn Doc. 8) are **GRANTED**.

6. The stays previously issued in all of the consolidated cases are **LIFTED**, and the Clerk of the Court is **DIRECTED** to reopen the cases.

7. In these two cases specifically, the Clerk of the Court is **DIRECTED** to file Plaintiffs' proposed Amended Complaints (Blalock Doc. 10-4; Rayburn Doc. 8-4) as separate documents in the respective case.

8. Once the Amended Complaints are docketed, the Court **REMANDS** the Blalock and Rayburn cases to the Circuit Court for the Fourth

Judicial Circuit, in and for Duval County, Florida, and the Clerk of the Court is directed to transmit a certified copy of this Order to the clerk of that court. Thereafter, the Clerk of the Court is directed to close the Blalock and Rayburn files and terminate any remaining motions and deadlines.

9. All other plaintiffs in the consolidated cases are permitted to file amended complaints joining Ricardo E. Mojica as a defendant. Any such amended complaint must be filed on or before **November 4, 2021**.

10. Upon the filing of an amended complaint naming Mr. Mojica as a defendant in any of the consolidated cases, such cases will be **REMANDED** to the appropriate state court by the assigned judge.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of August, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc29

Copies to:

Counsel of Record
Hon. Timothy J. Corrigan
Hon. Brian J. Davis
Hon. Harvey E. Schlesinger
Clerk of the Court, Fourth Judicial Circuit